**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
AMERISOURCEBERGEN DRUG
CORPORATION,

                    Plaintiff,

      - against -

ROBERT DRUCKER, RX USA, INC. and
EVEREADY WHOLESALE DRUG, LTD.,

                    Defendants.
-----------------------------------------------------------X

**ORDER**

CV 12-2843 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      On August 6, 2013, the Court held a status conference during which it addressed several discovery disputes between the parties. DE 25. As a result of the discussion with both sides that day, the Court issued two directives which were summarized in the August 6, 2013 Civil Conference Minute Order ("CCMO") as follows:

- Defendants' counsel shall provide to plaintiff's counsel by August 28, 2013 the missing attachment identified as "Schedule A" to the June 30, 2010 Escrow Agreement between Mark Scovotti and RxUSA, Inc.

- With regard to Items 1 and 2 described in the July 22 status letter, defendants' counsel shall make arrangements to obtain from [defendants'] Information Technology employee or consultant an affidavit outlining the "glitch" which occurred in the computer program subsequent to the originally generated inventory reports. The affidavit must also contain: (i) a full description of the search which was undertaken to obtain the records set forth in the discovery demand served by plaintiff's counsel; (ii) what was found when the search was conducted; (iii) the specific results of the search; (iv) if the records cannot be readily retrieved, why that is the case; (v) the estimated costs of attempting to restore these records. The affidavit is also to be provided to plaintiff's counsel by August 28, 2013.

*Id*. ¶ 3. On August 8, 2013, the Court issued an Electronic Order stating that it "has granted plaintiff's Motion to Compel [DE 15] to the extent set forth in its August 6, 2013 Civil Conference Minute Order [DE 25]." Aug. 8, 2013 Electronic Order.

On October 11, 2013, Plaintiff filed a letter Motion to Compel Compliance with the Court's Orders of August 6, 2013 and August 8, 2013. DE 34. Plaintiff's counsel stated that, despite several follow-ups, Defendants have not complied with the directives set forth in the Court's August 6, 2013 CCMO concerning the Schedule A attachment to the Escrow Agreement and the affidavit from the Information Technology consultant regarding the computer "glitch." *Id*. Plaintiff's counsel moved the Court to order Defendants to immediately produce these two items of discovery. *Id*. at 2.

In an October 15, 2013 Electronic Order, the Court held, in pertinent part, that:

> As to defendants' failure to comply with the Court's Orders of August 6 and August 8, 2013, defendants' counsel shall show cause, in writing, by noon on October 18, 2013 why the Court should not impose sanctions upon defendants' counsel and/or his clients for their continued failure to comply with the Court's Orders regarding their discovery obligations. Any failure to comply with this Order shall result in the further action of the Court.

Oct. 15, 2013 Electronic Order.

On October 18, 2013, Defendants' counsel filed an "Affirmation in Response to the October 15, 2013 Order of Magistrate-Judge A. Kathleen Tomlinson" [DE 35].[1]

Having reviewed the Affirmation, the Court accepts defense counsel's representations concerning the purported Schedule A attachment to the June 30, 2010 Escrow Agreement between Mark Scovotti and RxUSA, Inc. DE 35 ¶¶ 4-10. However, if Plaintiff's counsel elects to do so, the

---

[1] The Court notes that Defendants' counsel inadvertently referred to this Court's Order as the October 15, 2003 Order in their Affirmation. The Court acknowledges this as an advertent typographical error by Defendants' counsel and notes that Court's rder was dated October 15, 2013.

Court will permit Plaintiff to serve a subpoena on Mark Scovotti's prior attorney, Anthony Grazioli, Esq., who, according to Defendants' Affirmation, drafted the Escrow Agreement.

The Court also accepts defense counsel's representations concerning the requested affidavit from RxUSA's Information Technology consultant. DE 35 ¶¶ 11-15.  Once again, however, if Plaintiff elects to do so, the Court will permit Plaintiff's counsel to serve a subpoena on RxUSA's Information Technology consultant, in his capacity as a non-party witness, and to conduct a limited deposition concerning the issues addressed in the Court's August 6, 2013 CCMO [DE 25].  The costs of such deposition shall be borne by Defendants' counsel of the examination proceeds.

Accordingly, the Court hereby deems the October 18, 2013 Affirmation of Defendants' counsel to be in compliance with the Court's August 8, 2013 Electronic Order.  Plaintiff's counsel is directed to advise the Court within 10 days whether Plaintiff intends to proceed with a deposition of Anthony Grazioli, Esq. and/or Defendants' IT Consultant.

**SO ORDERED.**

Dated: Central Islip, New York
December 9, 2013

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

3